Case 2:08-mc-00346-DSC Document 2 Filed 12/16/2008 Page 1 of 7

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 30 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CEO VENTURE FUND III, L.P.

    Defendant.

Civil Action No.

# MC-08-21-JPH

### STIPULATED CONSENT ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for CEO Venture Fund III, L.P. The Court, being fully advised in the merits and having been informed that CEO Venture Fund III, L.P. has consented to the relief requested in the motion, hereby

**ORDERS, ADJUDGES AND DECREES THAT:**

1.    Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of CEO Venture Fund III, L.P. ("CEO"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of CEO to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of CEO's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

Case 2:08-mc-00346-DSC Document 2-1 Filed 11/21/2008 Page 2 of 7

2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of CEO under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of CEO are hereby dismissed. Such persons shall have no authority with respect to CEO's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of CEO and shall pursue and preserve all of its claims.

3.    The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of CEO, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal upon receipt of instructions by the Receiver regarding the time and place of such production. CEO shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of CEO as well as the names, addresses and amounts of claims of all known creditors of CEO. All persons having control, custody or possession of any assets or property of CEO, including CEO's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4.    The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders,

Case 2:08-mc-00346-DS Document 2-1133    Filed 12/15/2008    Page 3 of 7

creditors, debtors and agents of CEO. All persons and entities owing any obligations or debts to CEO shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if CEO had received such payments.

5.    The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of CEO, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.    CEO's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, CEO's portfolio of small business concerns and banks or other financial institutions doing business with CEO and/or CEO's portfolio of small business concerns) shall answer under oath all questions which it may put to them by the Receiver regarding

Case 2:08-mc-00346-DS Document 2-1 Filed 12/16/2008 Page 4 of 7

the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to CEO. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of CEO or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to CEO, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.      The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving CEO or any assets of CEO, involving CEO or its present or past officers, directors, managers, or general partners or the Receiver, which parties have sued or have been sued for, or in connection with, any action taken by CEO's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of CEO, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8.      All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving CEO or any of its assets or any action of any nature taken by CEO's present or past officers, directors, managers, or general partners,

Case 2:08-mc-00346-DSC Document 2 Filed 12/17/2008 Page 5 of 7

which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.      CEO and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of CEO to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10.     The Receiver is authorized to borrow on behalf of CEO, from the SBA, up to $500,000, and is authorized to cause CEO to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of CEO, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders in CEO.

11.     This Court determines and adjudicates that CEO has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Stipulated

Case 2:08-mc-00346-DSC Document 2 Filed 12/17/2008 Page 6 of 7

Complaint for Entry of Consent Order Appointing Receiver filed in this matter. After

completing its activities in accordance with this Order, the Receiver may submit a report to

this Court recommending that CEO's license as an SBIC be revoked.

**AGREED AND ACKNOWLEDGED:**

**CEO VENTURE FUND III, L.P.**

By: _____

its
on this ____ day of December, 2008.

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Michele Long Pittman, Acting Director
Office of Liquidation
on this _____ day of December, 2008.

**SO ORDERED** this _____ day of _____, 2008.

_____
**THE HONORABLE**
**UNITED STATES DISTRICT JUDGE**

Case 2:08-mc-00346-DSC Document 2 Filed 12/17/2008 Page 7 of 7

Complaint for Entry of Consent Order Appointing Receiver filed in this matter. After

completing its activities in accordance with this Order, the Receiver may submit a report to

this Court recommending that CEO's license as an SBIC be revoked.

**AGREED AND ACKNOWLEDGED:**

**CEO VENTURE FUND III, L.P.**

By:   _____

    its
    on this _____ day of December, 2008.

**U.S. SMALL BUSINESS ADMINISTRATION**

By:   _____
    Michele Long Pittman, Acting Director
    Office of Liquidation
    on this 15th day of December, 2008.

SO ORDERED this 17 day of December, 2008.

_____

**THE HONORABLE**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )
                                    )
        Plaintiff,             )
                                    )
        v.                 )    Civil Action No.
                                    )    .
CEO VENTURE FUND III, L.P.     )
                                    )
                                    )
        Defendant.       )

## STIPULATED CONSENT ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for CEO Venture Fund III, L.P. The Court, being fully advised in the merits and having been informed that CEO Venture Fund III, L.P. has consented to the relief requested in the motion, hereby

**ORDERS, ADJUDGES AND DECREES THAT:**

1.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of CEO Venture Fund III, L.P. ("CEO"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of CEO to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of CEO's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of CEO under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of CEO are hereby dismissed. Such persons shall have no authority with respect to CEO's operations or assets, except as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of CEO and shall pursue and preserve all of its claims.

3.      The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of CEO, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal upon receipt of instructions by the Receiver regarding the time and place of such production.  CEO shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of CEO as well as the names, addresses and amounts of claims of all known creditors of CEO.  All persons having control, custody or possession of any assets or property of CEO, including CEO's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4.      The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders,

creditors, debtors and agents of CEO. All persons and entities owing any obligations or debts to CEO shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if CEO had received such payments.

5.      The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of CEO, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.      CEO's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, CEO's portfolio of small business concerns and banks or other financial institutions doing business with CEO and/or CEO's portfolio of small business concerns) shall answer under oath all questions which it may put to them by the Receiver regarding

the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to CEO. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of CEO or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to CEO, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.      The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving CEO or any assets of CEO, involving CEO or its present or past officers, directors, managers, or general partners or the Receiver, which parties have sued or have been sued for, or in connection with, any action taken by CEO's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of CEO, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8.      All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving CEO or any of its assets or any action of any nature taken by CEO's present or past officers, directors, managers, or general partners,

which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.      CEO and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of CEO to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10.     The Receiver is authorized to borrow on behalf of CEO, from the SBA, up to $500,000, and is authorized to cause CEO to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of CEO, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders in CEO.

11.     This Court determines and adjudicates that CEO has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Stipulated

Complaint for Entry of Consent Order Appointing Receiver filed in this matter. After

completing its activities in accordance with this Order, the Receiver may submit a report to

this Court recommending that CEO's license as an SBIC be revoked.

**AGREED AND ACKNOWLEDGED:**

**CEO VENTURE FUND III, L.P.**

By: _____

its
on this ____ day of December, 2008.

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
     Michele Long Pittman, Acting Director
     Office of Liquidation
     on this _____ day of December, 2008.

**SO ORDERED** this _____ day of _____, 2008.

_____
**THE HONORABLE**
**UNITED STATES DISTRICT JUDGE**

Complaint for Entry of Consent Order Appointing Receiver filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that CEO's license as an SBIC be revoked.

**AGREED AND ACKNOWLEDGED:**

**CEO VENTURE FUND III, L.P.**

By: _____

its _____
on this _____ day of December, 2008.

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Michele Long Pittman, Acting Director
Office of Liquidation
on this _15th_ day of December, 2008.

SO ORDERED this _17_ day of _December_, 2008.

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE